UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re:

Robert James Fillion,

          Debtor.

Chapter 7

BKY 13-41609

---

Julia A. Christians, Trustee,

          Plaintiff,

v.

Martha Fillion,

          Defendant.

ADV 13-04198

MEMORANDUM ORDER

---

At Minneapolis, Minnesota, November 21, 2013.

This matter came on for hearing on November 21, 2013 on the defendant's motion to vacate judgment. Tyler D. Candee appeared for the plaintiff. The defendant appeared *pro se*. This court has jurisdiction over the matter pursuant to 28 U.S.C. §§ 157(b)(1) and 1334, and Local Rule 1070-1. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(H).

**FACTS**

1. On April 1, 2013, Robert James Fillion filed a petition for Chapter 7 bankruptcy.

2. On July 22, 2013, Julia A. Christians, the plaintiff and trustee, initiated this adversary proceeding. She sought to avoid the debtor's transfer of real property to his sister, Martha Fillion, pursuant to 11 U.S.C. § 548(a).

3. The trustee pled claims for avoidance of the transfer under two subparts: 11 U.S.C. § 548(a)(1)(A) because the debtor made the transfer with actual intent to hinder, delay, or defraud entities to whom the debtor was or would be indebted; and § 548(a)(1)(B) because

the debtor received less than a reasonably equivalent value in exchange for the transfer and the debtor was insolvent on the date of the transfer or became insolvent as a result of the transfer.

4. On August 20, 2013, the defendant filed an answer. She denied that the debtor was insolvent at the time of the transfer and she asserted that the transfer was not avoidable because of the subsequent new value defense pursuant to 11 U.S.C. § 547(c)(4).

5. The defendant did not admit or deny the other claims made in the complaint.

6. On September 9, 2013, the trustee made a motion for judgment on the pleadings. Among other things, she argued that the defendant's failure to deny actual fraud pursuant to 11 U.S.C. § 548(a)(1)(A) meant the claim should be deemed admitted.

7. The defendant did not respond to the motion.

8. On September 26, 2013, I granted the trustee's motion for judgment on the pleadings, avoiding the transfer of real property from the debtor to the defendant under 11 U.S.C. § 548(a)(1)(A). Additionally, the property was vested the in the trustee pursuant to 11 U.S.C. §§ 550(a) and 551. Judgment was entered the same day.

9. The defendant did not appeal the order or judgment.

10. On October 30, 2013, the defendant filed a motion to vacate the order and judgment.

11. In the motion, the defendant argued that she had raised the new value defense in her answer and this defense was not controverted by either the court or the trustee. The defendant argued that this defense removes the trustee's ability to avoid the transfer. The trustee opposes the motion.

## ANALYSIS

The defendant seeks to have the court vacate the order for judgment pursuant to Fed. R. of Civ. P. 60, incorporated by Fed. R. Bankr. P. 9024. Rule 60(b) provides grounds for relief from a final judgment, order, or proceeding. It reads:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reason:
> (1) Mistake, inadvertence, surprise, or excusable neglect;

> (2) Newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 50(b);
> (3) Fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) The judgment is void;
> (5) The judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated or applying it prospectively is no longer equitable.
> (6) Any other reason that justifies relief.

Specifically, the defendant argues for relief under Rule 60(b)(6).[1] She claims that relief is justified because neither the court nor the trustee controverted her assertion of the new value defense.

"Relief under Rule 60(b)(6) is an extraordinary remedy." *In re Zimmerman*, 869 F.2d 1126, 1128 (8th Cir. 1989). And, exceptional circumstances must exist to justify intrusion into the sanctity of a final judgment. *See Rosebud Sioux Tribe v. A & P Steel, Inc.*, 733 F.2d 509, 515 (8th Cir. 1984). Relief under Rule 60(b)(6) is only to be granted when exceptional circumstances prevent the moving party from seeking redress through the usual channels. *Zimmerman*, 869 F.2d at 1128 (citing *Ackermann v. United States*, 340 U.S. 193, 199-202 (1950)).

For example, the movant in *Zimmerman* made a motion under Rule 60(b)(6) to revoke the debtor's discharge and dismiss his bankruptcy petition. The movant argued that the petition had been filed in bad faith. However, at no previous time had she objected to the discharge or sought dismissal of the debtor's petition. The Eighth Circuit affirmed the denial of the movant's Rule 60(b)(6) motion. The court reasoned that she failed to utilize the means that were available to protect her interests. *Id*. The movant failed to show that extraordinary circumstances had prevented her from obtaining relief through available bankruptcy procedures. *Id*. at 1127.

Much like the movant in *Zimmerman*, the defendant failed to utilize procedures that were available to her. Specifically, the defendant failed to timely move for a new hearing or appeal

---

[1] Although it is not in her motion, in her oral argument, the defendant appeared to assert that she is also entitled to relief under Rule 60(b)(1). The defendant admitted that she received notice of the trustee's motion for judgment on the pleadings, but as a *pro se* party she did not realize it was a motion. Even if this statement is true, it would not justify relief under Rule 60(b)(1). Ignorance or carelessness is generally not cognizable under Rule 60(b). *See Cline v. Hoogland*, 518 F.2d 776 (8th Cir. 1975).

the judgment. The time to appeal the judgment expired on October 10, 2013. A motion under Rule 60(b)(6) is not a substitute for an appeal. *Hunter v. Underwood*, 362 F.3d 468, 475 (8th Cir. 2004). Additionally, the defendant did not exercise the opportunity to respond to the trustee's motion.[2] Rule 60(b)(6) is not a substitute forum for raising issues that could have been raised at an earlier time.

Even if the defendant had availed herself to the opportunity to defend the trustee's motion, the merits of her motion fail. The defendant's motion stated, "The court issued an order that neither denied nor otherwise controverted the defendant's new value defense under 11 U.S.C. 547(a)(4)." Additionally, the new value defense was "unopposed by the plaintiff."

I took notice in the order for judgment that the defendant had raised the new value defense in her answer. As previously articulated, the new value defense under 11 U.S.C. § 547(c)(4) is an inapplicable defense to a § 548 claim.

## CONCLUSION

The defendant has failed to meet her burden of proof for relief under Fed. R. Civ. P. 60(b)(6).

## ORDER

IT IS ORDERED:

The defendant's motion to vacate the judgment is denied.

/e/ Robert J. Kressel
ROBERT J. KRESSEL
UNITED STATES BANKRUPTCY JUDGE

---

[2] While the defendant had no obligation to respond to the motion, a response was clearly a channel in which she could have asserted the same arguments that she asserts here.