UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re:

Robert James Fillion,

           Debtor.

Julia A. Christians, Trustee,

           Plaintiff,

v.

Martha Fillion,

           Defendant.

Chapter 7

BKY 13-41609

ADV 13-04198

MEMORANDUM ORDER

At Minneapolis, Minnesota, January 10, 2014.

This adversary proceeding came on for hearing on January 9, 2014 on the defendant's second motion to vacate the judgment against her. Tyler D. Candee appeared for the plaintiff. The defendant appeared *pro se*.

**FACTS**

1. On April 1, 2013, Robert James Fillion filed a petition under chapter 7.
2. On July 22, 2013, Julia A. Christians, the trustee, initiated this adversary proceeding. She sought to avoid the debtor's transfer of real property to his sister, Martha Fillion, pursuant to 11 U.S.C. § 548(a).
3. The plaintiff pled claims for avoidance of the transfer under two subsections: 11 U.S.C. § 548(a)(1)(A) because the debtor made the transfer with actual intent to hinder, delay, or defraud entities to whom the debtor was or would be indebted; and § 548(a)(1)(B) because the debtor received less than a reasonably equivalent value in exchange for the transfer and

the debtor was insolvent on the date of the transfer or became insolvent as a result of the transfer.

4. On August 20, 2013, the defendant filed an answer. She denied that the debtor was insolvent at the time of the transfer and asserted that the transfer was not avoidable because the subsequent new value defense articulated in 11 U.S.C. § 547(c)(4) applied.

5. The defendant did not otherwise deny any of the complaint's factual statements or legal claims.

6. On September 9, 2013, the plaintiff made a motion for judgment on the pleadings. Among other things, the plaintiff argued that the defendant's failure to deny actual fraud meant the claim should be deemed admitted.

7. The defendant did not respond to the motion.

8. On September 26, 2013, I granted the plaintiff's motion for judgment on the pleadings, avoiding the transfer of real property from the debtor to the defendant under 11 U.S.C. § 548(a)(1)(A). The property was then vested the in the trustee pursuant to 11 U.S.C. §§ 550(a) and 551. Judgment was entered the same day.

9. The defendant did not appeal the order or judgment or timely file a motion under Fed. R. Civ. P. 52 (made applicable by Fed. R. Bankr. P. 7052) or Fed. R. Civ. P. 59 (made applicable by Fed. R. Bankr. P. 9023).

10. On October 30, 2013, the defendant filed her first motion to vacate the order and judgment. The defendant argued that she had raised the new value defense in her answer and this defense was not controverted by either the court or the plaintiff. The defendant argued that this defense removed the trustee's ability to avoid the transfer. The plaintiff opposed the motion.

11. On November 21, 2013, a hearing was held on the defendant's motion. I denied the motion that day.

12. On December 5, 2013, the defendant filed her second motion to vacate the order and judgment. This time, the defendant argues that judgment should be vacated because the plaintiff intentionally served motion papers in a form that was outside of the court's requirements, and as such, the defendant was unable to read the papers.

13. The defendant claims the motions papers were served in small print font, condensed so two pages could be printed on one side of 8½" x 11" paper. Since the plaintiff and her lawyer are

unable to rebut this accusation, I assume it to be true for the purpose of this motion. The defendant argues that this was done intentionally to defraud her.

14. The plaintiff opposes the defendant's motion.

## ANALYSIS

The defendant seeks to have the court vacate the order for judgment pursuant to Fed. R. Civ. P. 60, incorporated by Fed. R. Bankr. P. 9024. Rule 60(b) provides grounds for relief from a final judgment, order, or proceeding. It reads:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reason:
> (1) Mistake, inadvertence, surprise, or excusable neglect;
> (2) Newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 50(b);
> (3) Fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) The judgment is void;
> (5) The judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated or applying it prospectively is no longer equitable.
> (6) Any other reason that justifies relief.

The defendant now claims that she is entitled to relief under Rule 60(b)(3). Specifically, she argues that the plaintiff made misrepresentation or committed fraud because the plaintiff served her with illegible motion papers.

"To prevail under Rule 60(b)(3), the movant must show by clear and convincing evidence that his opponent engaged in a fraud or misrepresentation that prevented the movant from fully and fairly presenting his case." *American Nat'l Bank v. Babb (In re Babb)*, 440 B.R. 523 (B.A.P. 8th Cir. 2010) (citing *Atkinson v. Prudential Co.*, 43 F.3d 367, 372-73 (8th Cir. 1995)). The Eighth Circuit articulated a two-part test for relief under Rule 60(b)(3): the movant must show that the opposing party "engaged in fraud or misrepresentation, *and* that it was prevented from fully and fairly litigating [the] case." *U.S. v. Metro S. Louis Sewer Dist.,* 440 F.3d 930, 936 (8th Cir. 2006).

The defendant fails to prove either part of the above test.  First, the defendant provides no evidence that the plaintiff intentionally served her with illegible motion papers.  She merely argues that the plaintiff intentionally failed to follow Local Rule 9004-1(a).  This rule states, "All documents presented for filing, except trial exhibits, shall be formatted to print on standard letter-size paper (8½" x 11")."  The defendant relies on this rule in error. Local rule 9004-1(a) applies only to documents that are filed with the court, not documents that are served.  The defendant does not take issue with the size of the motion papers that were *filed*, instead, she argues that the size of the motion papers *served* violated the rule.  There is no rule that regulates the size of served papers.

Further, I am not convinced that the defendant could not read the papers herself or find someone to help her do so.  The print was small but not unreadable.

The lack of evidence of fraud or misrepresentation is fatal to the defendant's argument.  I am confident that if the printed motion was formatted as alleged by the defendant, it was not intentional or done with any improper purpose.

The defendant also fails to show that she was prevented from fully and fairly litigating the case.  She has not raised any applicable defenses to the plaintiff's claim that the transfer of property is avoidable.  Even considering the facts provided by the defendant in this motion the result of the action to avoid the transfer would remain the same.

The defendant has failed to utilize procedures that were available to her.  She failed to timely move for a new hearing or appeal the judgment. As stated in my previous order, Rule 60(b) is not a substitute for raising issues that could have been raised at an earlier time.

## CONCLUSION

The defendant has failed to meet her burden of proof for relief under Fed. R. Civ. P. 60(b).

**ORDER**

IT IS ORDERED:

The defendant's motion to vacate the judgment is denied.

/e/ Robert J. Kressel

ROBERT J. KRESSEL
UNITED STATES BANKRUPTCY JUDGE